**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

Civ. Case No. _____

FEDERAL TRADE COMMISSION,

   Plaintiff,

     v.

STORMY WELLINGTON,

   Defendant.

**COMPLAINT FOR PERMANENT INJUNCTION AND OTHER RELIEF**

Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), for its Complaint alleges:

1.      The FTC brings this action for Defendant's violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a). For these violations, the FTC seeks relief, including a permanent injunction and other relief, pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b).

**SUMMARY OF THE CASE**

2.      Since at least late 2014, Defendant Stormy Wellington has participated in multi-level marketing ("MLM") in at least two different companies. As a Total Life Changes, LLC ("TLC") participant, Defendant sold nutrition, wellness, and skincare products and recruited other consumers to join TLC. Defendant has also participated in the MLM Farmasi US LLC ("Farmasi"), selling make-up, skincare, and health and wellness products and recruiting consumers to join Farmasi.

3.      In the course of recruiting consumers to become participants in Farmasi and TLC, Defendant has frequently represented that participants in both MLMs will or are likely to earn

substantial income. As a TLC participant, at times, Defendant has represented to recruits that they are likely to earn five to seven figure incomes, stating, for example, "I will help 1000 families make 5-7 figures in the next 90 days to 12 months!" Defendant has promised new recruits to Farmasi that they will make six to seven figures, saying "I'm telling you right now, no less than six figures, no less. Repeat that to me. No less than six figures," and that Defendant will make "60 new millionaires in 2026."

4.     These claims are deceptive. As described below, income disclosure statements created by TLC and Farmasi show that participants in both MLMs are unlikely to earn substantial income.

5.     Nearly all TLC participants earn little or no money. TLC's disclosure, available on its website, states that 76.8% of active participants (23,124 people) did not earn *any* compensation in calendar year 2023, and that, at most, .4% of all active participants (113 people) earned more than $5,000. Using the average monthly earnings provided in the Farmasi disclosure, fewer than 1% of its active participants earn an income in the "six figure" range, contrary to Defendant's claims that participants will earn "no less than six figures." Further, the disclosure appears to state that no rank of participant earns an average monthly commission large enough to earn $1,000,000 a year, despite Defendant's claims that she will make "60 new millionaires" in 2026.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345.

7.     Venue is proper in this District under 28 U.S.C. § 1391(b)(1), (b)(2), (b)(3), and (c)(1), and 15 U.S.C. § 53(b).

2

**PLAINTIFF**

8.    The FTC is an agency of the United States Government created by the FTC Act, which authorizes the FTC to commence this district court civil action by its own attorneys. 15 U.S.C. §§ 41–58. The FTC enforces Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce.

**DEFENDANT**

9.    Defendant Stormy Wellington held the rank of Grand Ambassador in TLC until approximately August 2025, when she left TLC and began participating in Farmasi. She has stated her rank in Farmasi is President. She resides in this District, and, in connection with the matters alleged herein, transacts or has transacted business in this District and throughout the United States.

**COMMERCE**

10.    At all times relevant to this Complaint, Defendant has maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

**DEFENDANT'S BUSINESS ACTIVITIES**

Overview

11.    A multi-level marketing company, or an MLM, contracts with individual "participants" or "distributors" to market and sell the MLM's products or services and recruit new participants, who themselves will sell the MLM's products or services and recruit new participants. When an MLM participant successfully recruits a new participant, that recruit becomes a part of the first participant's "downline," which is the term commonly used in the industry to describe a participant's recruits and their recruits' recruits. MLMs generally segment their participants into different categories, or "ranks," based on the number of participants in

3

their downline and/or the volume of sales generated by the participant and their downline. MLMs generally compensate participants based on a "compensation plan," which lays out the sales and recruiting requirements that must be met for a participant to qualify for compensation. Compensation paid by MLMs may be a combination of various possible streams of income or types of "bonuses," which require different levels of sales and/or recruitment and which may vary based on a participant's rank.

12. Defendant Stormy Wellington was a TLC participant, also called a "Life Changer," from at least late 2014 to August 2025. Defendant achieved the rank of Grand Ambassador, the highest rank in TLC. In early August 2025, Defendant left TLC and joined Farmasi (pronounced "pharmacy"), where participants are called "Influencers." Defendant has stated she achieved the rank of President, one of the highest ranks in Farmasi, which is reached by fewer than 0.1% of Influencers.

Defendant's Claims that TLC Participants Will or are Likely to Earn Substantial Income

13. Defendant has promoted the Total Life Changes MLM opportunity through numerous means, including through her social media accounts. To induce consumers to join TLC, Defendant has represented in multiple widely-viewed and still-available videos that TLC participants will or are likely to make substantial income.

14. For example, in an August 2022 video promoting TLC, which was posted to her YouTube channel and viewed more than 5,600 times, Defendant states, "I've been able to serve, support, and grow an amazing team. I've been able to coach 35 families to millionaire and multi-millionaire status. Which means there's no difference between them and you. So, you could be the next six figure earner. The next seven figure earner. It's totally up to you."

15. In a 2023 video posted to Defendant's YouTube channel, Defendant states, "If you could understand these basic things you could be on your way to the next level. You could

be the next six figure earner. The next seven figure earner." In the same video, Defendant continues, "2024 is the year of abundance. 2024, we are gonna help 1,000 families make six to seven figures again. I'm telling you this is what's about to happen."

16.     In a caption accompanying a November 2024 video promoting TLC on her Instagram account, Defendant says, "can't make this up… I will help 1000 families make 5-7 figures in the next 90 days to 12 months!"

17.     In approximately February 2025, Defendant posted a video on her Facebook promoting TLC accompanied by a caption stating, "I been here for over 10 years and have made Millionaires and the truth is ... [sic] Giving people an opportunity to make $500-$1000 a week will save lives !! [sic] Dm me let's talk.. [sic] ASAP[.]"

<u>Defendant's Claims that Farmasi Participants Will or are Likely to Earn Substantial Income</u>

18.     In early August, Defendant announced that she was leaving TLC and had joined Farmasi. Despite having only participated in Farmasi for a short time period, Defendant has begun making lifestyle and earning claims similar to those she made when promoting TLC.

19.     In an August 3, 2025 video posted to her YouTube channel, Defendant tells viewers of the video:

> Imagine having time, freedom, good health, good people, good energy, good morals and principles, and having a place where you could absolutely get rich. And I'm talking about respect, integrity, character, and honor. So, send me a message if you want to be a part of my team. Because listen, I'm telling you right now, no less than six figures, no less. Repeat that to me. No less than six figures."

The caption accompanying the video states, "This isn't just skincare or weight loss. It's generational wealth, leadership, and a money shift. I'm helping 60 people make 7 figures by 2026—no games being played."

20.     In an August 6, 2025 YouTube video, Defendant states, "I'm here in Cappadocia because of Farmasi. Say it with me - Farmasi. Listen, you qualify. They will pay all expenses,

your flight, your hotel, your transportation, your food and, say and, they give your envelope when you get there," and "So if you're ready to partner with me, see I'm going to have 60 millionaires in 2026."

21.     In an August 12, 2025 video promoting Farmasi and posted to Defendant's Instagram, Defendant stated, "And guys, I'm not going to confuse you, just say it's a whole lot of money. Just, just, just follow what we got to teach you. We got you," and "[M]y goal for 2026 is 60 new millionaires. 60. The question is not if I'm going to do it, like, I'm here. There's no doubt what I'm going to do. It's just I can't wait to see who I do it with."

22.     In a September 7, 2025 Instagram post, Defendant states in the caption that "[e]veryone makes money in @farmasiofficial[.] I made a little over $200k for the month[,]" and accompanies that claim with photos of Farmasi products interspersed with apparent screenshots of multiple "Live Commission Trackers" that appear to show numerous members of Defendant's downline and the bonuses they have earned. The total bonuses apparently earned range from $850.66 to $52,414.58.

23.     In addition to making the above-described earnings claims, Defendant teaches her downline to make similar claims. In a video posted on YouTube on August 21, 2025, and titled "Nobody Taught Me This About Farmasi Title Points… So I'm Teaching YOU," Defendant instructs the individuals in the room with her and the more than 4,000 viewers of the video:

> If you are trying to retail already and that's your focus, you, you're doing it wrong. Everything should be about recruiting. One of the things I'm saying to people right now when I'm calling them – "hey, I'm launching the biggest project of my life. It's an opportunity to put your family in a position to be a part of the greatest wealth transfer. We'll have 60 new millionaires of 2026. What are you doing right now that could put yourself in a position where you're making the extra 6 or 7 figures in the next 12 to, 12 to 18 months?" Simple.

<u>Defendant's Earnings Claims are Deceptive</u>

24.     Contrary to Defendant's claims, and as described in more detail below, most participants in TLC and Farmasi do not make substantial income.

25.     TLC makes an income disclosure statement publicly available on its website. The income disclosure statement is available at https://totallifechanges.com/pages/income-disclosure-statement?pws=elsamiprime.

26.     TLC's disclosure is based on calendar year 2023 and provides data on the commissions earned by the 30,119 participants who were active in that calendar year. TLC does not define what "active" means for purposes of its disclosure but states that "[e]arnings representations reflect gross amounts of earnings and do not include any business expenses associated with participating in the TLC earnings opportunity. [Participants] are independent contractors and are responsible for their own business expenses, which may include advertising or promotional expenses, training, rent, travel, telephone and/or internet costs, etc."

27.     Of the 30,119 participants considered in the disclosure, 23,124 Life Changers (76.8%) did not earn any compensation. Of the 6,995 participants who did earn compensation in 2023, about three quarters of them (5,175 participants, or just over 17% of active participants) earned between $1 and $250 for the year, before expenses, and only .4% of all active participants (113 people) earned more than $5,000 in the year. The disclosure does not provide information on how many Life Changers made more than $100,000 or $1,000,000—the "six or seven figures" promised by Defendant—but in 2023 only 18 people, or 0.06% of active participants and 0.26% of participants who earned any money, made $50,001 or more before expenses.

28.     Most participants in Farmasi appear to make significantly less income than the amounts Defendant describes to attract recruits. Farmasi has posted an "Income Statement Disclosure" on its website reflecting data for "all active Farmasi distributors that were eligible to

earn commissions between January 1, 2023 – December 31, 2023." The "Income Statement Disclosure" is available at https://www.farmasius.com/farmasi/content/income-disclaimer. Using the average monthly earnings reported in the document, fewer than 1% of active participants earned an income in the "six figure" range in calendar year 2023 from Farmasi.

29.     In sum, Defendant's claims about the amounts of money that TLC and Farmasi participants will or are likely to earn are deceptive.

30.     Based on the facts and violations of law alleged in this Complaint, the FTC has reason to believe that Defendant is violating or is about to violate laws enforced by the Commission, because, among other things:

- Defendant has made deceptive earnings claims repeatedly over a period of at least five years, while recruiting for two different MLMs, despite the publicly available data disproving these claims;

- Defendant knows or has knowledge fairly implied on the basis of objective circumstances that her earnings claims are deceptive; and

- Defendant is continuing to make the claims at issue and disseminate them broadly.

## VIOLATIONS OF THE FTC ACT

31.     Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce."

32.     Misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act.

## Count I - Deceptive Earnings Claims

33.     In numerous instances in connection with the advertising, marketing, promotion, offering for sale, or sale of the Total Life Changes and Farmasi multi-level marketing opportunities, including as described in Paragraphs 11 to 23, Defendant has represented, directly

8

or indirectly, expressly or by implication, that consumers who work as TLC or Farmasi participants will or are likely to make substantial earnings.

34. The representations set forth in Paragraph 33 are false, misleading, or were not substantiated at the time the representations were made.

35. Therefore, the making of the representations as set forth in Paragraph 33 constitutes deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

**PRAYER FOR RELIEF**

Wherefore, the FTC requests that the Court:

A. Enter a permanent injunction to prevent future violations of the FTC Act; and

B. Award any additional relief as the Court determines to be just and proper.

Dated:  04/13/2026                                       Respectfully submitted,

/s/Melissa L. Dickey
Claire Wack
Melissa L. Dickey
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2836
(202) 326-2622
cwack@ftc.gov
mdickey@ftc.gov
Attorneys for Plaintiff
FEDERAL TRADE COMMISSION