**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. _____ |
| Plaintiff, | |
| v. | **STIPULATED ORDER FOR PERMANENT INJUNCTION AND OTHER RELIEF** |
| STORMY WELLINGTON | |
| Defendant. | |

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction and Other Relief ("Complaint") in this matter, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b). The Commission and Defendant stipulate to the entry of this Stipulated Order for Permanent Injunction and Other Relief ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

**FINDINGS**

1.      This Court has jurisdiction over this matter.

2.      The Complaint alleges that Defendant participated in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, by making false or misleading income representations.

3.      Defendant neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order.  Only for purposes of this action, Defendant admits the facts necessary to establish jurisdiction.

4.      Defendant waives any claim that she may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order,

and agrees to bear her own costs and attorney fees.

5.     Defendant and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

A.     "**Defendant**" means Stormy Wellington.

C.      "**Business Venture**" means any written or oral business arrangement, however denominated, whether or not covered by 16 C.F.R. Part 437, that consists of the payment of any consideration for the right or means to offer, sell, or distribute goods or services (whether or not identified by a trademark, service mark, trade name, advertising or other commercial symbol). The definition of "Business Venture" includes Multi-Level Marketing Programs.

D.     "**Downline**" means the collection of persons under a participant in a Multi-Level Marketing Program's organizational hierarchy or structure used for determining compensation. This may include the participants or other individuals whom a participant has personally recruited ("first level"), any participants and other individuals recruited by those in the first level ("second level"), any participants and other individuals recruited by those in the second level ("third level"), and so forth, however denominated.

E.     "**Earnings**" means gross or net sales, income, profit, appreciation, or other financial gain, such as bonuses, commissions, or free travel.

F.     "**Multi-Level Marketing Program**" means any plan or program in which a Participant has the right to (1) recruit others into the program or have others placed in the Participant's Downline and (2) receive payment or other compensation that is based, in whole or in part, upon purchases, sales, or any other activities of the Participant's Downline.

G.	"**Participant**" means any person who participates in any Business Venture, including but not limited to, any person who is a Total Life Changes or Farmasi participant.

## ORDER

### I.	PROHIBITION AGAINST MISREPRESENTATIONS AND UNSUBSTANTIATED CLAIMS

IT IS FURTHER ORDERED that Defendant, Defendant's officers, agents, employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, or operating of any Business Venture(s), are permanently restrained and enjoined from:

A.	Misrepresenting or assisting others in misrepresenting, expressly or by implication, including through images of homes, vehicles, purchases, or travel, and through discussion of lifestyle changes or activities tied to compensation from the Business Venture:

1.	That Participants will or are likely to make or receive Earnings, or will or are likely to make or receive any particular level or amount of Earnings;

2.	The amount of Earnings that Defendant or other Participants have actually earned;

3.	The reason Participants do not earn substantial compensation; or

4.	Any other fact material to consumers concerning the Business Venture, such as: the total costs to participate; any material restrictions, limitations, or conditions; or any material aspect of the Business Venture.

B.	Making any representation, expressly or by implication, regarding the amount of Earnings that a Participant can expect to earn unless:

1.	The representation is non-misleading;

2.      At the time such representation is made, Defendant has in her possession written materials that substantiate the claimed Earnings and that the claimed Earnings are typical for Participants; and

3.      Defendant makes such evidence available upon request to any Participant, any individual who expresses interest in becoming a Participant, and to the Plaintiff.

## II.      NOTICE TO PARTICIPANTS CONCERNING ORDER PROHIBITIONS

IT IS FURTHER ORDERED that, within 7 days of entry of this Order, Defendant must email notice in the form shown in Attachment A to all Participants in her Downline. The email notice must use the subject line "Important Notice Regarding Deceptive Earnings Claims from Stormy Wellington." Defendant must send the email from an email address that Defendant regularly uses to communicate with her Downline, and make commercially reasonable efforts to leverage technologies to ensure the deliverability of emails (for example, but not limited to, SPF, DKIM, and use of sending IP addresses with known good reputations). No other information shall be included in or added to the notice required by this Section, nor shall any other materials be transmitted with the notice.

## III.      ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendant obtain acknowledgments of receipt of this Order:

A.      Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.      For 3 years after entry of this Order, Defendant for any business that such Defendant is the majority owner or controls directly or indirectly, must deliver a copy of this Order to:  (1) all principals, officers, directors, and LLC managers and members; (2) all

employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before she assumes her responsibilities.

C. From each individual or entity to which Defendant delivered a copy of this Order, Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## IV. COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendant make timely submissions to the Commission:

A. One year after entry of this Order, Defendant must submit a compliance report, sworn under penalty of perjury:

1. Defendant must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which Defendant performs services whether as an employee or otherwise and any entity in which Defendant has any ownership interest; (c) describe in detail Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership; (d) describe in detail whether and how Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

2. For 15 years after entry of this Order, Defendant must submit a

compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

3.      Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including:  creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

4.      Additionally, Defendant must report any change in:  (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which Defendant performs services whether as an employee or otherwise and any entity in which Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

B.      Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against Defendant within 14 days of its filing.

C.      Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:  "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on:  _____" and supplying the date, signatory's full name, title (if applicable), and signature.

D.      Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:  Associate Director for Enforcement,

Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580.  The subject line must begin:  FTC v. Wellington, 2523145.

## V. RECORDKEEPING

IT IS FURTHER ORDERED that Defendant must create certain records for 15 years after entry of the Order, and retain each such record for 5 years. Specifically, Defendant for any business that Defendant is a majority owner or controls directly or indirectly, must create and retain the following records:

A.     Accounting records showing the revenues from all goods or services sold;

B.     Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:  name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.     Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.     All records necessary to demonstrate full compliance with each provision of this Order, including substantiation for any claims regarding Earnings made by or on behalf of Defendant; and

E.     A copy of each unique advertisement or other marketing material.

## VI. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendant's compliance with this Order:

A.     Within 14 days of receipt of a written request from a representative of the Commission, Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce

documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including depositions by remote means), 31, 33, 34, 36, 45, and 69.

B.      For matters concerning this Order, the Commission is authorized to communicate directly with Defendant. Defendant must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C.      The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendant or any individual or entity affiliated with Defendant, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.      Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Defendant, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

### VII. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

*{SIGNATURE BLOCKS}*

**SO ORDERED this ___ day of _____, 202__.**

_____

UNITED STATES DISTRICT JUDGE

**So Stipulated and Agreed:**

**For Plaintiff:**

**Federal Trade Commission**

Lucas Croslow
General Counsel

/s/Claire Wack                                    Date:    4/10/26
Claire Wack
Melissa L. Dickey
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2836
(202) 326-2622
cwack@ftc.gov
mdickey@ftc.gov

So Stipulated and Agreed:

For Plaintiff:

Federal Trade Commission

Lucas Croslow
General Counsel

Date: _____

_____
Claire Wack
Melissa L. Dickey
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 326-2836
(202) 326-2622
cwack@ftc.gov
mdickey@ftc.gov

For Settling Defendant Stormy Wellington:

Date: 02-10-2026

_____
Herman J. Russomanno III
Russomano & Borrello, P.A.
999 Ponce De Leon Blvd., Suite 750
Coral Gables, FL 33134
(305) 373-2101
Herman2@urssomanno.com
COUNSEL FOR STORMY WELLINGTON

_____
Stormy Wellington

Date: 02-07-2026

# ATTACHMENT A

Subject: Important Notice About Deceptive Earnings Claims from Stormy Wellington

Dear <u><Participant></u>:

Our records show you may be a current or past _____ participant that was part of my downline. This letter explains the settlement of a lawsuit brought against me by the Federal Trade Commission (FTC), the nation's consumer protection agency. The FTC alleged that I misrepresented or didn't have reliable evidence to support some claims I made about earnings.

I have not admitted or denied the FTC's allegations.  As part of the settlement, I must not make any misleading claims about the Total Life Changes opportunity, the Farmasi opportunity, or a similar opportunity. I must have reliable evidence to support the claims I do make. And any claims I make about a participant's earnings must be typical and supported by evidence.

**What does the settlement mean?**

1.  I will not mispresent that participants will, or are likely to make, money or a particular amount of money.

2.  I will not misrepresent how much money any participant made or could make.

3.  I will not misrepresent the reasons participants don't make money, or don't make a certain amount of money.

4.  If I make any claims about a participant's earnings, those results must be truthful, and I must have reliable evidence to support those claims and provide that support in writing if requested by a participant, a prospective participant, or the FTC.

For more information about the settlement with the FTC, go to the FTC's Legal Library page at <u>ftc.gov/legal-library/browse/cases-proceedings</u> and search for "Wellington," "Total Life Changes" or "Farmasi."